# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEDAR JABBAR ANDERSON, <br><br> Petitioner, <br><br> v. <br><br> WARDEN RONALD S. WEBER,[1] <br> MARYLAND ATTORNEY GENERAL, <br><br> Respondents. | Civil Action No.: DLB-21-963 |

### MEMORANDUM

Kedar Jabbar Anderson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Respondents filed an answer to the petition asserting it must be dismissed as untimely. ECF 4. Anderson was advised he could file a response, and he did so. ECF 5, 6. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition shall be dismissed as time-barred and a certificate of appealability shall not issue.

### I.    Background

On February 5, 2009, Anderson was indicted on charges of first-degree murder, kidnapping, conspiracy to commit murder, conspiracy to kidnap, use of a handgun in the commission of a crime of violence, and participation in criminal gang activity. On December 5

---

[1]    "[T]he proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Ronald S. Weber is the warden at Western Correctional Institution and shall be substituted for Respondent Richard J. Graham. The additional respondents named by petitioner, including a police detective, judges, and attorneys involved in petitioner's case, are improperly named and are dismissed from this case.

through 12, 2011, Anderson was tried by a jury sitting in the Circuit Court for Baltimore City, Maryland. The jury returned a guilty verdict on all six counts on December 12, 2011. ECF 4-1, at 84.

On February 23, 2012, the court sentenced Anderson to life imprisonment on the first-degree murder charge, ten years consecutive for kidnapping, ten years consecutive for use of a handgun, and ten years consecutive for participation in criminal gang activity. *Id.* Anderson also received concurrent sentences of ten years for conspiracy to commit murder and ten years for conspiracy to kidnap. *Id.* The aggregate sentence was life plus 30 years consecutive. *Id.*

Anderson filed a motion for reconsideration of his sentence on April 4, 2012, which the court denied on May 1, 2012. ECF 4-1, at 12.

Anderson filed a direct appeal with the Court of Special Appeals, and in an unpublished opinion issued on October 8, 2013, Anderson's conviction was affirmed. ECF 4-1, at 83. The mandate issued on November 7, 2013. *Id*. at 13.

On December 6, 2013, Anderson sought certiorari review in the Court of Appeals. ECF 4-1, at 13. The petition was denied on January 30, 2014. *Id*. at 13–14.

On April 11, 2016, Anderson filed a petition for post-conviction relief. ECF 4-1, at 14. A hearing was held on March 7, 2017. *Id*. On July 5, 2017, the court issued a memorandum opinion denying the requested relief. *Id*. at 15.

Anderson filed an application for leave to appeal the denial of post-conviction relief on August 1, 2017. ECF 4-1, at 15. The application for leave to appeal was denied by the Court of Special Appeals on March 6, 2018. *Id*. at 16 ("Mandate Issued: 3-06-18").

On March 28, 2018, Anderson filed a petition for writ of actual innocence. ECF 4-1, at 17. The petition was denied on May 7, 2018. *Id*. Anderson appealed the denial of his petition on May

15, 2018.  *Id*.  The Court of Special Appeals affirmed the denial of the petition for writ of actual innocence on August 7, 2018.  ECF 6-1, at 9.

Anderson also filed a "Motion to Vacate Conviction Under the Court's Revisory Power of Md. Rule 2-535" on March 29, 2019, which was denied on April 2, 2019.  ECF 4-1, at 18.  On April 18, 2019, Anderson appealed the denial of his motion to the Court of Special Appeals.  *Id.* The Court of Special Appeals affirmed the circuit court on March 19, 2021.  ECF 6-1, at 7, 9.

Anderson filed his petition for writ of habeas corpus in this Court on April 8, 2021.  ECF 1-1, at 6 (date of Anderson's signature).  He alleges he was denied his constitutional right to a speedy trial; the State committed a *Brady* violation and violated his due process rights; the State violated *Hicks*; and counsel rendered ineffective assistance of counsel by failing to investigate a key witness for the State.  *Id*. at 5.  Anderson also raises a claim that his trial was an unfair "one-sided presentation of the State's evidence."  *Id.* at 2.  He does not claim his petition was timely.  Rather, he asserts that the "exhaustion requirement is often abused by both the federal and state courts" to serve their own interests and "the state is responsible for the delay" in filing his petition.  *Id.* at 2–3.  Anderson also assets that his petition was not filed within one year of the date his conviction became final because his attorney told him not to do so until his "leave to appeal was denied."  ECF 1, at 5.

II.     **Standard of Review**

The one-year limitation period for a person in state custody to file a federal habeas petition runs from the latest of:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Any "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The limitations period is "subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *see United States v. Herrera-Pagoada*, No. 20-6194, --- F.4th ----, 2021 WL 4202094, at *5 (4th Cir. Sept. 16, 2021). To equitably toll the limitations period, the petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Herrera-Pagoada*, 2021 WL 4202094, at *5 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The circumstances could involve "some kind of wrongful conduct on the part of the [respondents]" or other "extraordinary circumstances beyond [the petitioner's] control." *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). Stated differently, the limitations period may be tolled only in "those rare instances where . . . it would be unconscionable to enforce [it] against the party and gross injustice would result." *Id*.

### III.     Analysis

In this case, the one-year limitations period for filing for federal habeas relief runs from the date on which the judgment became final by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Anderson unsuccessfully appealed his conviction through the Maryland state courts. The Court of Appeals denied his petition for certiorari on January 30, 2014. Anderson had 90 days from that date to file a petition for certiorari with the United States Supreme Court, which he did not do. *See* U.S. Sup. Ct. Rule 13; *see also Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). The 90-day period expired on April 30, 2014. Therefore, Anderson's conviction became final on April 30, 2014, and the one-year limitations period expired on April 30, 2015.

Anderson did not file a post-conviction petition until April 11, 2016, almost one year after the limitations period expired. Accordingly, the post-conviction proceedings did not toll the one-year filing deadline under § 2244(d)(2).

The Court advised Anderson that he could submit evidence that he is entitled to an equitable tolling of the limitations period. In response, Anderson suggests that the State impeded his ability to file a habeas petition and that the limitations period should be calculated under 28 U.S.C. § 2244(d)(1)(B) by using the date on which the impediment to filing an application was removed. Specifically, Anderson argues that the State caused the delay by assigning counsel who did provided ineffective assistance to him through the trial and appellate process. He contends these "actions of the respondents" rendered his conviction "void" and there are "no time limitations" applicable to a void conviction. ECF 6, at 2; *see* ECF 1-1, at 3. He further claims that there is a "standing conflict of interest of appointed lawyers by the state" because they "work for the State and will only do what the state directs them to do!" ECF 6, at 2. Anderson also claims he is entitled to equitable tolling based on the gravity of the claims raised in his petition. *Id*. at 3.

Anderson adds that systemic racism[2] still exists today and asks whether "the hanging victims (GBS) deserve a tolling of the statute of limitations and/or 'equitable relief.'" *Id*. at 4.

Nothing in Anderson's response offers any basis for excusing the late filing of his petition. The "impediment" he cites as entitling him to the application of 28 U.S.C. § 2244(d)(1)(B) is his conviction and his perception that the trial and appellate process were unfair to him. However, this is not the type of impediment contemplated by the statute. Rather, the impediment must be something created by the State that hindered the timely filing of a federal habeas petition. *See Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000). Anderson alleges no such impediment. Even if his counsel's alleged ineffective assistance could be imputed to the State, it had no effect on his failure to file a petition between April 30, 2014 and April 30, 2015. Further, there is no exception to the limitations period based on an allegedly void conviction.

To the extent that Anderson also asserts that his delay was caused by his attorney's advice to wait until his leave to appeal was denied, such advice, even if it amounts to ineffective assistance of counsel, is not an extraordinary circumstance justifying equitable tolling. *See Harris*, 209 F.3d at 331 ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (lawyer's miscalculation of limitations period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling).

---

2      Anderson attaches as an exhibit a picture of African Americans being lynched while a crowd of white people stand by idly. ECF 6-1, at 2.

While this Court does not doubt that Anderson sincerely believes that court-appointed counsel in criminal cases have a conflict of interest, that alleged conflict does not excuse Anderson's failure to comply with the filing deadline.  Nor does the existence of systemic racism offer any plausible explanation for Anderson's failure to file his petition in a timely manner.  In short, Anderson has failed to present any circumstance that prevented him from complying with the one-year filing deadline or any discernible basis for finding that a miscarriage of justice would result if this Court did not reach the merits of his petition.

## IV. Certificate of Appealability

Having found that the petition is untimely, this Court must determine if a certificate of appealability should issue.  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Anderson's pleadings fail to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order dismissing the petition as untimely and denying a certificate of appealability follows.

September 24, 2021  
Date

_____  
Deborah L. Boardman  
United States District Judge